Van Winkle and Randall v. M'Kee, Defendant, and Baum, Garnishee.

MAY TERM.
1842.

Van Winkle &
Randall
v.
McKee, def't.
and Baum
Garnishee.

A deed of assignment void as to creditors is valid between the parties, and does not, from being void as to creditors, create the relation of debtor and creditor between the grantor in the assignment and the assignee. The validity of the assignment cannot be tried in a court of law, upon an issue made between a judgment creditor and the assignee, garnisheed on an execution, under the provisions of the 8th section of the act concerning "executions." (R. S. 1835, p. 254.)

Error to St. Louis Circuit Court.

Hamilton for Plaintiff.

Gamble for Garnishee.

*Opinion of the Court, delivered by Scott, Judge.*

Van Winkle and Randall obtained a judgment in the St. Louis circuit court against Hiram McKee, on which a fieri facias was issued, with directions to summon Jacob Baum as garnishee. Baum appeared, and in answer to the interrogatories exhibited, stated that McKee had made an assignment to him of property and debts for the benefit of his creditors, requiring them, before they should have any interest in the trust, to assent to the assignment, and release McKee from his debts. It was admitted, this assignment was invalid as to the creditors of McKee, for the reason it exacted from them a release of their debts. Baum's answer alleged furthermore, that he, immediately after the assignment, took the property in possession, and proceeded to sell the same, and collect the debts, and then gives a detailed account of the manner in which he executed his trust ; claims a credit for payments which he made; acknowledges a balance in his hands, which he claims, and denies that he owes the defendant, McKee, any thing. The answer was put in issue, which was tried by the court sitting as a jury, and a verdict and judgment were rendered for the garnishee, to reverse which this writ of error was sued out.

MAY TERM.
1842.

Van Winkle &
Randall
v.
McKee, def't.
and Baum,
Garnishee.

A deed of as-
signment void
as to creditors
is valid be-
tween the par-
ties, and does
not, from be-
ing void as to
creditors, cre-
ate the rela-
tion of debtor
and creditor
between the
grantor in the
assignment,
and the as-
signee. The
validity of the
assignment
cannot be tried
in a court of
law, upon an
issue made be-
tween a judg-
ment creditor
and the as-
signee, gar-
nisheed on an
execution, un-
der the provi-
sions of the
8th sect. of
the act con-
cerning "exe-
cutions." (R.
S 1835, p.
254.)

The point has been made, whether a trustee is a debtor, within the contemplation of the eighth section of the act concerning executors, and consequently liable to be summoned as garnishees under its provisions. That section enacts, when a fieri facias shall be issued, if no property can be found whereof to levy the amount due on the writ, the sheriff shall summon such debtors of the defendant as the plaintiff shall direct, to appear and answer such interrogatories as may be exhibited touching their indebtedness to the defendant in the execution ; and further provides, that like proceedings shall be had as are or may be provided in case of garnishees summoned in suits originating by attachments. It is not conceived that any necessity exists for giving this section a broader interpretation than is warranted by its letter and spirit, as there is a forum whose powers are ample, and whose mode of procedure is well suited for affording redress to creditors, whose executions may be hindered by the contrivances of their debtors. This is an attempt to give to courts of law the control and management of trusts. The act of summoning the assignee is an admission that he is a trustee for the debtor in the execution ; or at least it assumes, that although the assignment is void as to creditors, yet as between the parties to it, it has had the effect of transferring the property and effects of the debtor. The creditors may treat it as a nullity, and sue out their executions, the liens of which will attach on all property subject to execution, from the time they are placed in the hands of the sheriff, and it may be seized and sold under them ; and if there are debts conveyed by the assignment, the persons owing those debts may be summoned as garnishees. Assuming, then, that the assignee is a trustee for the creditors, can it be said that he is a debtor to the defendant in the execution. The assignment, although void as to creditors, is yet valid between the parties ; and the grantor in the assignment having disposed of his property for a fraudulent purpose, would not be heard in a court of law or equity asserting his rights against his assignee. Story's Equity, first edition, sec. 371.

For the sake of creditors and purchasers, courts of equity

MAY TERM.
1842.

Van Winkle &
Randall
v.
McKee, def't.
and Baum,
Garnishee.

would compel an execution of the trust, even although the grantor in the assignment might be a party to the suit with his creditors ; yet, as between the parties themselves, its principles forbid its interference. This assignment being void as to creditors on account of fraud, could not, according to those principles, create the relation of creditor and debtor between the grantor in the assignment and the assignee. He could safely say he was no debtor to the grantor in the assignment. Here then is a mere trust in the hands of the assignee, subject to the claims of creditors. Are the powers of a court of law adequate to its adjustment? Can it take an account of, and adjust the conflicting claims of different creditors, direct the order of preferences and payments, according to their respective priorities, and marshal the various funds on which particular creditors may have a lien, so as to secure to each creditor a due proportion of the assets according to his particular right? It cannot be necessary for courts of law to repudiate any such jurisdiction : it never belonged to them, and they are sufficiently burdened with their own legitimate duties, if nothing else influenced them, not to desire an inconvenient enlargement, by usurping the peculiar functions of our courts of equity. Judge Story, in his Commentaries on Equity, remarks : "The trusts arising under general assignments for the benefit of creditors are in a peculiar sense the objects of equity jurisdiction. For, although at law there may, under some circumstances, be a remedy for the creditors to enforce the trusts, that remedy must be very inadequate, as a measure of full relief. On the other hand, courts of equity, by their power of enforcing a discovery and account from the trustees, and of making all the creditors, as well as the debtor, parties to the suit, can administer entire justice ; and distribute the whole funds in their proper order among all the claimants, upon the application of any of them, either in his own behalf, or on behalf of himself and all the other creditors." Are not most of the mischiefs which flow from these assignments, to be traced to the departure from these principles in their administration? If the assignee can be called on to exhibit his accounts to one, he can to every creditor of the person making the as-

MAY TERM.
1842.

Van Winkle &
Randall
v.
McKee, def't.
and Baum,
Garnishee.

signment, and the costs of these proceedings must consume the trust fund.

But to show the great inconvenience of the construction contended for by the appellant, let it be borne in mind that justices of the peace, in relation to executions which may issue from their courts, have precisely the same power and jurisdiction as is conferred on the circuit court. See Revised Code, "Justices' Courts," article 7, sec. 12. Can these courts be adequate to the adjustment of the question which must necessarily arise in administering the trust; must they not necessarily transcend their jurisdiction, in settling the claims of persons under it?

Judgment affirmed.