19  201
43a 337
19  201
157 353

DOGGETT, Respondent, *vs.* THE ST. LOUIS MARINE AND FIRE INSURANCE COMPANY, Appellant.

1. The validity of a specific assignment of a debt may be tried in an issue between the plaintiff in an execution against the assignor, and the debtor summoned as garnishee of the assignor.
2. A justice may render judgment against a garnishee for an amount within his jurisdiction, although the indebtedness of the garnishee to the defendant exceeds the jurisdiction of the justice.

*Appeal from St. Louis Law Commissioner's Court.*

Doggett, having recovered judgment against Meyer before a justice of the peace, for an amount within his jurisdiction, caused the St. ·Louis Marine and Fire Insurance Company to be summoned as garnishee on the execution.   The secretary appeared and answered that Meyer effected an insurance in the company to the amount of $600, upon property which was afterwards, and during the continuance of the policy, destroyed by fire ; that a claim for the loss was presented by Meyer on the 3d of June, 1852, and allowed on the 9th of August, 1852 ; that on the 13th of June, 1852, and prior to the service of the garnishment, the company was served with a notice of the assignment of the claim by Meyer to William Dawson. The plaintiff in the execution took issue upon this answer, and the justice caused Dawson to be notified to appear and establish his assignment.   The trial before the justice resulted in a judgment for the garnishee.   An appeal was taken to the law commissioner's court, where there was a trial, which resulted

in a judgment against the garnishee, in favor of the plaintiff, for the whole amount of his demand. The garnishee appeals to this court.

*J. B. Thompson*, for appellant. 1. The justice had no jurisdiction to try the validity of the assignment of the policy. The validity of an assignment cannot be put in issue in a garnishment upon an execution. *McEvoy* v. *Lane & McCabe*, 8 Mo. Rep. 322. *Van Winkle* v. *McKee*, 7 Mo. Rep. 435. *Walden* v. *Valiant*, 15 Mo. Rep. 409. 13 Mo. Rep. 157. 2. A justice has no jurisdiction to render judgment against a garnishee, when his indebtedness to the defendant exceeds the justice's jurisdiction.

*Carroll & Woods*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

But two questions have been presented for consideration in this case : 1. Whether, when a garnishee summoned on a *fi. fa.*, answers, admitting his indebtedness to the defendant, but alleging that the debt is claimed by an assignee of the defendant, an issue can be made between the plaintiff and the garnishee, to try the question of fraud in the assignment, so as to make the garnishee liable to a judgment in favor of the plaintiff, if the assignment is found to be fraudulent. 2. Whether a justice has jurisdiction to render judgment against a garnishee, when it appears that his indebtedness to the defendant exceeds the jurisdiction of the justice.

1. The first question has been presented under a misapprehension of the decision in *Van Winkle & Randall* v. *McKee & Baum*, 7 Mo. Rep. 435. In that case, McKee had made an assignment to Baum in trust for his creditors, and the assignment was fraudulent upon its face, because it required the creditors to release McKee, in order to have any benefit under the assignment. V. W. & R. having an execution against McKee, summoned Baum as garnishee. The question presented and decided was, whether Baum, the assignee, was a debtor

to McKee, the assignor, so as to be summoned as a garnishee, under a statute authorizing the officer, when he could find no property on which to levy an execution, to summon, as garnishees, all "*debtors*" of the defendant. It was held that, whether the deed of assignment was fraudulent or not, as to creditors, it was clearly good between the parties, and therefore could not make Baum, the trustee, the debtor of McKee, the assignor.

In that case, the court remarked : "The creditors may treat it (the assignment) as a nullity, and sue out their executions, the liens of which will attach on all property subject to execution, from the time they are placed in the hands of the sheriff, and it may be seized and sold under them ; and if there are debts conveyed by the assignment, *the persons owing those debts may be summoned as garnishees.*" The course indicated in this passage as the correct course to be pursued, is to be used where there has been a fraudulent transfer of property or debts, and it may be adopted where a garnishee is to be summoned on execution. When a person is summoned as a debtor of the defendant, and in his answer states the fact of an assignment of the debt to a third person, if such assignment is fraudulent as to the plaintiff, who is an execution creditor, then the garnishee is, so far as that proceeding is concerned, the debtor of the defendant, and not of his assignee, and may be required to pay the money to satisfy the plaintiff's judgment. There is no other inconvenience in proceeding to determine the question of the validity of the assignment in this case, than would arise in any case in which a garnishee admitted himself to have been the debtor of the defendant, and then stated that some third person claimed the debt as assignee. In all such cases, the plaintiff has a right to have the fact tried, whether the garnishee is still the debtor of the defendant, so as to be liable to pay his judgment.

2. The second question is not thought to present any difficulty. When a justice of the peace has rendered a judgment for a sum within his jurisdiction, and is proceeding against a

garnishee summoned on the execution, he is only proceeding to have the original judgment satisfied; and although the garnishee may owe the defendant a thousand dollars, the justice only adjudges that he owes him the amount of the judgment, interest and costs, of which he has already exercised jurisdiction. He does not give judgment against the garnishee for the amount of his indebtedness.

The judgment is, with the concurrence of the other judges, affirmed.