WILLIAM HITCHCOCK, Appellant, v. JOHN H. WATSON et al., Appellees.

18   289<br>
23a   22<br>
18   289<br>
150   222

APPEAL FROM JO DAVIESS.

An agent or trustee who liquidates or pays off a debt for a principal, or *cestui que trust*, for a less sum than was owing, is accountable for any residue in his hands given for the purpose.

Judgments to attaching creditors, as against a garnishee, should only go for the satisfaction of the judgments, and not for whatever amount may be owing from the garnishee to the debtor. The manner of entering judgment in attachment cases, as stated in 11 Ill. R. p. 511, recommended.

THE opinion of the Judge gives a statement of the case.

J. L. LOOP and M. Y. JOHNSON, for Appellant.

LELAND and LELAND, for Appellees.

SKINNER, J. Watson, Ritter and Clark sued Henry, in attachment, and obtained judgment for one hundred and thirty-nine dollars. Hitchcock was summoned as garnishee, and answered, denying all indebtedness and liability; but in answer to special interrogatories he disclosed that Henry assigned to him a note of seven thousand six hundred and ninety-nine dollars and twenty-two cents, for the purpose of paying certain debts of third persons against Henry, amounting to seven thousand six hundred and five dollars, and which note he had collected; that one of these debts, amounting to fourteen hundred dollars, he had compromised at four hundred and twenty-five dollars, thus leaving a balance of the proceeds of the note after satisfying all the debts named, of one thousand and sixty-nine dollars and twenty-two cents. For this sum the court rendered judgment in favor of the plaintiffs in attachment against Hitchcock. The answer, in effect, admits that this sum of money is in Hitchcock's hands, which no one but Henry can lawfully claim, and for which he could maintain an action at law. *Price* v. *Carleton*, 12 Ill. R. 358. An agent or trustee for another cannot speculate in the execution of his fiduciary duties or employment; and if he, by compromise or otherwise, liquidates or pays off a debt of his principal, or *cestui que trust*, at less than he has received for that purpose, he is accountable for the residue. *Switzer* v. *Skiles*, 3 Gil. R. 529; Story on Agency, Sec. 211.

The judgment is erroneous.

The plaintiffs in attachment, in case there were no other judgments, entitled to participate in the proceeds of the property attached, were entitled to satisfaction of their judgment

19

and costs only, and not to whatever amount Hitchcock was found indebted to Henry. The judgment is in their favor against Hitchcock, for a sum greatly exceeding what Henry owed them.

The better practice in such case is stated in *Stahl* v. *Webster*, 11 Ill. R. 511, and if adopted would save much confusion in attachment cases. The judgment should have been in favor of Henry for the amount found due him, with leave to the plaintiffs in attachment to take out execution for their use to the amount of their judgment and costs; or in favor of Henry and to the use of the plaintiffs, and such other attachment and judgment creditors as should be entitled to share in the proceeds, in proportion to their respective judgments. We do not hold it essential that this form of entering the judgment be observed, so that, in effect, the plaintiff in attachment obtains no more than his judgment against the original debtor; but for the purpose of uniformity and certainty, it is better to adopt the practice suggested in the case before referred to.

Judgment reversed and cause remanded, with direction to the circuit court to enter judgment in accordance with the principle stated.

We decline entering the judgment in this court, as the case may require the action of the circuit court in apportioning the proceeds among several creditors.

*Judgment reversed.*