## CHARLES KERN ET AL.

### v.

## THE CHICAGO CO-OPERATIVE BREWING ASSOCIATION,

### FOR USE, ETC.

*Corporations—Stock of—Subscriptions to — Revocation — Practice— Garnishment.*

1. As against the claims of creditors of a corporation it is immaterial what private arrangement subscribers for its stock may make with it, or with the person who procures their subscription, as to the payment of the amount subscribed.

2. The judgment against a garnishee must be rendered in favor of the attachment or judgment debtor for the benefit of the attachment or judgment creditor, who is treated as the real plaintiff against his own debtor, and the judgment must, in form at least, be for the whole amount due from the garnishee, and whatever surplus there may be after paying the creditors entitled to share in the distribution to be made, belongs to the debtor in whose name the suit is brought.

3. The certified copy of articles of incorporation, together with all indorsements thereon, are *prima facie* evidence of the facts therein stated, and copies of all papers legally deposited in the office of the Secretary of State, when certified by him and authenticated by the seal of his office, are evidence in the same manner and with the like effect as the originals.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. CAMERON & HUGHES and KRAFT & BROWN, for appellants.

Messrs. CAMPBELL & CUSTER, for appellee.

WATERMAN, J.  Execution on judgment in favor of Henry B. Robinson against The Chicago Co-operative Brewing Association having been returned " no property found," appellants were summoned as garnishees.  To interrogations filed, Kern answered that he did conditionally subscribe for ten shares of the capital stock of said Brewing Company, but that such subscription was merely formal and with the understanding

that he might revoke it at any time, and that he afterward did revoke it, and has never received any certificate for stock nor was any issued to him.   Sadler answered that he did subscribe for fifty shares of stock which one Kadish, a promoter of the company, agreed to pay for and turn over to him, Sadler.

Heintzmann answered that he subscribed for ten shares of stock with the understanding that such subscription was a mere accommodation which he might revoke at any time; that he did revoke it, and that no stock has ever been issued to him.

Sadler and Heintzmann filed an additional answer to the effect that fictitious names were attached to the subscription for stock, and that the company was never organized according to law.

Kern made further answer to the same effect, and also that he is now informed that the only subscription he ever made was before any license was issued by the State of Illinois, and so such subscription is and was utterly void.   Upon the hearing there was introduced in evidence a certified copy of the articles of incorporation and a copy, duly certified, of the subscription for stock filed in the office of the Secretary of State. Upon this appear the names as subscribers for stock, of George Heintzmann fifty shares, $5,000; Ernst Sadler fifty shares, $5,000; Charles Kern ten shares, $1,000.   Appellants testified substantially as set forth in their respective answers, and also in explanation of certain apparent payments said to have been made on account of their subscriptions.   The court found that there was due on the respective subscriptions from Charles Kern $800, from Ernst Sadler $4,000, and from George Heintzmann $5,000, and that there was due upon the judgment against the Brewing Company the sum of $720; whereupon judgment was rendered in favor of the Brewing Company for the use of Henry B. Robinson, against Charles Kern for $800, Ernst Sadler, $4,000, George Heintzmann $5,000.

Sec. 27 of Chap. 32, R. S., makes the certified copy of any articles of incorporation, together with all indorsements thereon, *prima facie* evidence of the facts therein stated.

Sec. 27 of Chap. 124, makes copies of all papers legally deposited in the office of the Secretary of State, when certified by him and authenticated by the seal of his office, evidence in the same manner and with the like effect as the originals. C. C. & I. C. R. W. Co. v. Skidmore, 69 Ill. 566; Ryan v. Lynch, 68 Ill. 161.

The subscription list was therefore admissible for the purpose of showing the subscriptions.

As against the claim of creditors of the corporation, it is utterly immaterial what private arrangement subscribers may make with it or with the person who procures their subscription, as to the payment of the amount subscribed. Upton v. Tribilcock, 91 U. S. 45; Melvin v. Lamar Ins. Co., 80 Ill. 446; Chandler v. Brown, 77 Ill. 335; G. & S. N. R. R. Co. v. Ennor, 116 Ill. 55; Union Ins. Co. v. Frear Stone Mfg. Co., 97 Ill. 537.

It is urged that the judgments should not have been for the full amount of the liability, as a much less sum would satisfy the claim of Robinson. The Supreme Court in the case of Bank of America v. Indiana Banking Co., 114 Ill. 483, say: "It has been uniformly held, since the decision in Stahl v. Webster, 11 Ill. 511, that by the practice which obtains in this State, the judgment against the garnishee must be rendered in favor of the attachment or judgment debtor for the benefit of the attachment or judgment creditor, who is treated as the real plaintiff against his own debtor. * * * It is equally well settled that the judgment must, in form at least, be for the whole amount due from the garnishee, and whatever surplus there may be after paying the creditors entitled under the statute to share in the distribution to be made, belongs to the debtor in whose name the suit is brought. * * * After the creditors have been paid, if equities exist between the garnishee and the attachment debtor, as to any surplus, no doubt the court would adjust them, and thus avoid any hardships that might arise."

The entry of the judgments in this case was in conformity to the rule declared by the Supreme Court, and they are affirmed.

*Judgment affirmed.*