CHARLES KERN *et al.*

*v.*

THE CHICAGO CO-OPERATIVE BREWERY ASSOCIATION, for use, etc.

*Filed at Ottawa January 18, 1892.*

1.  GARNISHEE—*judgment should. be for the full amount due.* A judgment against a garnishee, whether the proceeding is an attachment or is based on a judgment and return of execution no property found, should be for the whole amount due from him to the attachment or judgment debtor, and not simply for the sum due the garnishing creditor.

2.  APPEAL—*reviewing the facts.* The affirmance by the Appellate Court of a judgment of the circuit court in a proceeding by garnishment is conclusive on this court in respect to all questions of fact.

3.  PRACTICE—*trial without jury—preserving questions of law necessary, for review by Supreme Court.* Where a case is tried by the court without a jury, and no propositions of law are presented to the trial court for the purpose of obtaining its rulings thereon, it will be impossible for this court to know what views of the law were held applicable to the facts in evidence, and when no questions of law are presented by the record this court will have no authority to review the case on appeal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. WILLIAM E. HUGHES, and Mr. J. H. KRAFT, for the appellants.

Messrs. CAMPBELL & CUSTER, for the appellee.

Messrs. KRAFT & KRAFT, for the garnishee, Heinzman.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee Robinson, having a judgment for $647.34 against his co-appellee, the Chicago Co-operative Brewing Association, upon which an execution had issued, and been returned "no property found whereon to levy," sued out process of garnishment against appellants, among others, as debtors to the Chicago Co-operative Brewing Association for unpaid stock. The appellants answered, severally, to the interrogatories propounded to them, and by agreement of parties the issues raised by these answers were tried by the court without the intervention of a jury. Upon hearing, the court found the issues in favor of appellee Robinson, and rendered judgments accordingly. Appeals were prosecuted from these judgments to the Appellate Court for the First District, and that court affirmed the judgments of the Superior Court. It is sought by the present appeals to bring before us for review the several rulings of the Appellate Court.

No objection was made on the hearing to reading in evidence the records, certified by the Secretary of State, showing the incorporation of the Chicago Co-operative Brewing Association, and that appellants were subscribers to its capital stock, and it is manifest that the questions whether appellants did in fact become subscribers to the capital stock of the debtor corporation, and, if so, when and for what amounts, respectively, are purely of fact, and so the decision of the

Appellate Court thereon is not subject to review by us. No propositions of law were presented to the trial court for the purpose of obtaining its rulings thereon, and it is therefore impossible for us to know what views of the law were held applicable to the facts in evidence.

The court rejected some evidence offered on behalf of appellant Kern, tending to show that he did not subscribe for stock of the corporation after the license to open books for subscription was issued, but the evidence of all the facts in that respect was before the court, and such exclusion therefore did no harm.

There having been no material rulings in admitting or excluding evidence, and no rulings in respect to propositions of law "held" or "refused," there is nothing before us which occurred upon the hearing which we are authorized to review. *People* v. *McCoy,* 132 Ill. 138; *Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 id. 547; *Mutual Aid Ass.* v. *Hall,* 118 id. 173.

It is objected that the judgment should have been only for enough to pay the amount of Robinson's debt. It is conceded, however, that it has been held that the judgment rendered against a garnishee in case of attachment must be for the whole amount of his debt to the defendant in the attachment proceeding, but it is claimed that rule should be confined to proceedings in attachment. But there can be no distinction, in principle, in this respect, between proceedings on judgment and proceedings by attachment, for that which gives jurisdiction to proceed by attachment in nowise affects the relation between the garnishee and the attachment debtor, and so we applied the rule in *Webster et al.* v. *Steele et al.* 75 Ill. 544.

In so far as any questions which were passed upon by the Appellate Court are presented by this record, we are entirely satisfied with the rulings thereon of the Appellate Court, and with the reasons given for those rulings. See *Kern et al.* v. *Chicago Co-operative Brewing Ass.* 40 Ill. App. 356.

The judgment is affirmed. *Judgment affirmed.*