JAMES S. TURNER, PLAINTIFF IN ERROR, VS. WIL-LOUGHBY ADAMS, CHARLES W. RICHARDSON AND CHARLES E. SMITH, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF ADAMS & RICHARDSON, DEFENDANTS IN ERROR.

1. Judgment against a garnishee for a debt due by him to defend-ant entered after judgment against defendant in the principal suit, should not exceed the amount of the judgment, interest and costs in the principal suit. even if the verdict of the jury or answer of the garnishee discloses the fact that the garnishee is indebted to defendant in a sum greater than the amount stated.

2. The rule suggesting a *remittitur*, instead of a total reversal. an-nounced in *Florida Railway & Navigation Co. vs. Webster*, 25 *Fla.* 394, 5 *South. Rep.* 714, held applicable to this case.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*Randall* and *Foster*, for Plaintiff in Error.

*A. W. Cockrell & Son*, for Defendants in Error.

CARTER, J.:

The defendants in error instituted an action of as-sumpsit against W. S. McClelland, in the Circuit Court of Duval county, on January 6, 1891, and on

March 2, 1891, recovered judgment therein for $205 damages and $5.70 costs. On the day the suit was instituted, upon affidavit of one of the plaintiffs therein, a writ of garnishment was issued to plaintiff in error, and he filed his answer on the rule day in March, 1891, denying any indebtedness to the defendant McClelland, and denying the custody or control of any goods and chattels of said defendant. On May 1st, 1891, the plaintiffs filed their traverse of the answer of the garnishee, and on May 13th, 1891, a trial by jury was had and a verdict rendered in these words: "We, the jury, find the issue in favor of the plaintiff, and we find that the true amount due from the garnishee is two hundred and seventy-five dollars ($275)." Judgment was entered upon this verdict May 13th, 1891, in favor of the plaintiffs against the garnishee for $275, "which sum when paid shall be applied to the payment of the judgment hereinbefore rendered on the 2d day of March, by the said plaintiffs against the said W. S. McClelland, for which let execution issue." From this judgment the garnishee sued out this writ of error.

Various errors are assigned, but the only one mentioned in the brief of counsel for plaintiff in error is, that the judgment against the garnishee is for an amount greater than the judgment obtained against the defendant in the principal suit. We think that in all cases where judgment is entered against a garnishee for a debt due by him to defendant, after judgment has been obtained in the principal suit, the amount of the judgment against the garnishee should not exceed the amount of the judgment, interest and costs in the principal suit, even if the verdict of the jury or the answer of the garnishee discloses the fact

that the garnishee is indebted to defendant in a sum greater than the judgment in the principal suit. The plaintiff is authorized to subject only so much of the debt due the defendant as will be sufficient to satisfy his demand, which, after being reduced to judgment, is definite and certain. In the trial of the issues between him and the garnishee his case is fully made out when he proves a sufficiency due from the garnishee to the defendant to satisfy his claim; and it is of no interest to him whether the garnishee owes defendant more than this. The writ or judgment in garnishment can not be made to operate as a transfer to the plaintiff of any surplus indebtedness due by the garnishee to defendant above the plaintiff's claim, but a garnishment proceeding simply enables plaintiff to subject enough of the debt due to the defendant by the garnishee to pay the plaintiff's claim. The general rule in other States is, that the judgment against the garnishee, when entered in favor of the plaintiff in the principal suit after judgment therein, must not exceed the amount of such judgment with interest and costs. Drake on Attachment (7th ed.), sec. 663; Wade on Attachment, vol. 2, sec. 532; Tyler vs. Winslow, 46 Maine, 348; Doggett vs. St. Louis Marine & Fire Ins. Co., 19 Mo. 201; Timmons vs. Johnson, 15 Iowa, 23. There is nothing in our statutes to change this general rule.

Defendants in error contend that the case of Kern vs. Chicago Co-operative Brewery Association, 140 Ill. 371, 29 N. E. Rep. 1035, is authority for their contention that judgment against the garnishee should be for the full amount found to be due the defendant, regardless of the amount of plaintiff's debt or judgment. This decision is based upon peculiar statutory provis-

ions in that State as construed by its Supreme Court in the cases of Stahl vs. Webster, 11 Ill. 511; Hitchcock vs. Watson, 18 Ill. 289; Webster vs. Steele, 75 Ill. 544, whereby garnishment proceedings are prose-·cuted and the judgment obtained therein is entered in the name of the principal defendant for the use of the plaintiff, and whatever surplus remains after paying plaintiff's claim belongs to the defendant. We had no such provisions in this State in 1891, when this judgment was entered; on the contrary, the statutes then in force provided that the issues should be be-tween the *plaintiff* and the garnishee, and that the judgment should be entered directly in favor of the *plaintiff*. The amount of the judgment in favor of ·defendants in error, against the defendant McClelland amounted, with interest and costs, on May 13th, 1891, the date of the judgment against the garnishee, to the sum of $214.04. The judgment against the garnishee was $275, or $60.96 more than the judgment against the defendant, and to this extent was excessive.

Following the ruling in the case of Florida Railway & Navigation Co. vs. Webster, 25 Fla. 394, 5 South. Rep. 714, we will give defendants in error the option to retain their judgment if they will enter in the Circuit Court a remittitur of $60.96 as of the date of the judgment. The order will be that the judgment of the court below stand as of the date it was rendered, if defendants in error enter the remittitur indicated; but failing to do this within thirty days after the mandate of this court is received by the Clerk of the Circuit Court, the judgment is reversed and the court below will proceed to enter a correct judgment upon the ver-

dict of the jury rendered in said cause on May 13th, 1891, in accordance with law and consistent with this opinion.