Adam Natywa for use of Joseph Ellguth, (Adam Natywa and Albert Wachowski, Plaintiffs in Error), v. Albert Wachowski, (Joseph Ellguth, Defendant in Error).

## Gen. No. 16,324.

1. GARNISHMENT—*when garnishee cannot complain.* If a garnishee answers and admits owing the debtor the amount of the debt he has no ground for complaint on judgment being entered for such amount, even though the debtor has paid a part thereof.

2. GARNISHMENT—*effect of part payment of debt on judgment for full amount.* Since it is the proper practice, where a garnishee admits owing the amount of the debt, to enter judgment against him for such an amount, the original judgment debtor cannot move to vacate the attachment judgment on the ground he has paid a part of the debt.

3. GARNISHMENT—*practice where part of debt paid by debtor.* Where judgment is given against a garnishee for the full amount of the original judgment debt and the debtor had paid a part thereof, the disposition of the partial payment should be made on a hearing on an intervening petition of the debtor.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed June 17, 1912.

PEASE, SMIETANKA & POLKEY, for plaintiffs in error.

MORRIS A. WEINBERG, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Jospeh Ellguth obtained a judgment against Adam Natywa for the sum of $154.50. Ellguth then began a garnishment proceeding for his use in the name of said Natywa, as nominal plaintiff, against Albert Wachowski. The garnishee answered that he was indebted to said Natywa in the sum of, so far as disclosed by the record, $154.50, and judgment was accordingly entered

against the garnishee, Wachowski, for the said amount.
To reverse this judgment Wachowski and Natywa sue
out this writ of error.

In Bank of America v. Indiana Banking Co., 114
Ill. 483, the court said: ''By the practice which ob-
tains in this State, the judgment against the garnishee
must be rendered in favor of the attachment or judg-
ment debtor, for the benefit of the attachment or judg-
ment creditor, who is treated as the real plaintiff,
against his own debtor. * * * It is equally well
settled the judgment must, in form at least, be for the
whole amount due from the garnishee, and whatever
surplus there may be after paying the creditors en-
titled under the statute to share in the distribution to
be made, belongs to the debtor, in whose name the suit
is prosecuted.'' (Citing authorities.) This rule is
approved in Kern v. Chicago Brewery Association, 140
Ill. 371, and Siegel et al. v. Schueck, 167 Ill. 522.

The plaintiff in error, Wachowski, has only to pay
the amount of the judgment into court and he will be
protected therein, and having answered and admitted
that there was due and owing from him to Natywa the
said sum, he certainly has no ground of complaint.

The plaintiff in error, Natywa, made a motion to
vacate and set aside the said judgment against the
garnishee, Wachowski, on the ground that he, Natywa,
had paid Ellguth, the beneficial plaintiff therein, the
sum of one hundred dollars on account of the judgment
Ellguth had recovered against him, Natywa, and in-
troduced evidence tending to prove his contention.
The judgment against the garnishee being entered in
accord with the law and the facts, as indicated, the
said motion to vacate and set aside the same was
properly denied.

The disposition of the said sum of one hundred dol-
lars would be made by the court on a hearing on an
intervening petition of the said Natywa; but it does
not appear from the record what other, if any, pro-

ceedings were had as to the said claim made by Natywa, or what finding or order, if any, the court made as to the same.

The judgment is affirmed.

*Affirmed.*