## Vera Weber for use of Benjamin Murphy, Appellant, v. W. J. Ridgway, Administrator, and Benjamin Murphy, Appellees.

1. EXECUTORS AND ADMINISTRATORS, § 498*—*when error to enter final judgment against administrator.* It is error, in garnishment proceedings, to enter a judgment in the nature of a final judgment against an administrator in favor of the judgment creditor, since final judgment cannot be entered against an administrator until there has been an order of distribution, the only proper judgment being a conditional one.

2. GARNISHMENT, § 105*—*when judgment is erroneous.* A judgment in garnishment proceedings against an administrator is erroneous where it runs directly in favor of the judgment creditor against the administrator, instead of being rendered in favor of the judgment debtor, for the use of the judgment creditor.

3. WORKMEN'S COMPENSATION ACT—*when funds derived from award for death of employee not subject to garnishment in hands of administrator.* Under section 21 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(21)], providing that no payment, claim or award under the act shall be assignable or be subject to any lien, attachment ·or garnishment, or be held liable in any way for any lien, debt, penalty or damages, funds derived from an award for the death of an employee, which award is made directly to the widow as the only surviving dependent, are not subject to garnishment in the hands of the administrator of the estate of deceased.

Appeal from the Circuit Court of Crawford county; the Hon. JOHN C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. **Opinion filed November 1, 1918.**

B. O. SUMNER, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BRADBURY & BRADBURY, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment for $197.85 and costs rendered by the Circuit Court of Crawford county against W. J. Ridgway, administrator of the estate of Jesse Weber, deceased, garnishee, in favor of Benjamin Murphy, said judgment to be paid by said administrator when funds in his hands were by the County Court ordered to be distributed in due course of administration. A jury was waived and said cause was tried on the following stipulation of facts:

"1. That W. J. Ridgway was administrator of estate of Jesse Weber, deceased, and is still acting in said capacity.

"2. That Murphy on July 31st, 1917, recovered a judgment against Ridgway, administrator, in a garnishee proceeding before a justice of the peace on a judgment theretofore procured by Murphy against appellant, Vera Weber, on a promissory note executed by her.

"3. That Vera Weber, widow of Jesse Weber, deceased, executed her said note to Murphy after the death of her husband and that execution was issued on said judgment against Vera Weber and returned 'No property found,' and that Murphy afterwards filed his affidavit alleging that Ridgway, administrator, had funds in his hands, as such administrator, belonging to Vera Weber, and upon trial Ridgway testified he had more than $263.18 belonging to Vera Weber and justice gave judgment against Ridgway, as such administrator, for $197.85 and costs, and Ridgway appealed to the Circuit Court.

"4. That such administrator, on the trial in Circuit Court, admits he has more than $263.18 belonging to Vera Weber, after allowing for costs and expenses

of administration and payment of debts of Jesse Weber estate.

"5. That in July, 1917, Ridgway, as such administrator, received a check from American Glycerin Company, made payable to the administrator and Vera Weber, in the sum of $383.81, and that he held this check when he was served with the garnishee writ.

"6. That Jesse Weber, deceased, was an employee of American Glycerin Company at time of his death, within the Workmen's Compensation Act of Illinois, and that the Industrial Board made an award to Vera Weber, under said law, to her as the only dependent of Jesse Weber, deceased, and that the money garnisheed was part of the award which had accrued for several months and was due Vera Weber as the surviving widow, and was received by such administrator as a part of the award allowed as compensation, as aforesaid."

Said stipulation of facts was all the evidence offered or that was heard by the court on the trial of said cause.

Two grounds are urged by appellant for a reversal of this judgment: The first is that the trial court entered a judgment in the nature of a final judgment against said administrator in favor of appellees, when under the statute no final judgment can be entered against an administrator until there has been an order of distribution; that the only judgment that can be entered is a conditional judgment. Appellees concede that this is true and that the judgment entered by the clerk was erroneous, but contend that the error in the entering of the judgment was the error of the clerk and that at the March term, 1918, the trial court, on notice, corrected said judgment and made it conditional in form and made the judgment against the administrator in favor of Vera Weber for the use of Benjamin D. Murphy.

The appeal that was prayed was from the judgment

rendered at the December term, 1917, of said Circuit Court. The bill of exceptions and the appeal bond were filed within the time fixed by the court, when said appeal was prayed.

The bill of exceptions does not contain the evidence, if any, which was offered or heard by the Circuit Court at the time of the purported amendment to the judgment in this case. There is therefore nothing in the record that shows any warrant or authority for said purported amendment made at the following March term. As stated above, counsel for appellees concede that the judgment as disclosed by the bill of exceptions and the record is erroneous, but contend that the court had no power to render any other than a conditional judgment and that therefore no appeal can be prayed from said judgment and that the appeal prayed herein by appellant, Vera Weber, should be dismissed. We are of the opinion, however, that inasmuch as the court purported to enter a final judgment in this case that appellant is entitled to have the cause heard, and if the court erroneously entered a final judgment instead of a conditional judgment, to have said cause reversed for said reason.

Said judgment is erroneous for the further reason that it ran directly in favor of Murphy, the judgment creditor, against said administrator, instead of being rendered in favor of Vera Weber, the judgment debtor, for the use of Murphy, the judgment creditor. *Kern v. Chicago Co-operative Brewing Ass'n,* 40 Ill. App. 356; *Kern v. Chicago Co-operative Brewing Ass'n,* 140 Ill. 371; *Webster v. Steele,* 75 Ill. 544; *National Bank of America v. Indiana Banking Co.,* 114 Ill. 483; *Siegel Cooper & Co. v. Schueck,* 167 Ill. 522.

It is next contended by appellant that under the provisions of section 21 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(21)], the funds in question are not subject to garnishment. This act provides among other things: "That no payment

claim or award of a deceased under this act shall be assignable or be subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages.''

Under the stipulation in this case the funds sought to be garnisheed were made up of an award made under the Workmen's Compensation Act to appellant Vera Weber, as the only dependent left surviving by the said Jesse Weber, deceased. We think, under the provisions of said statute, that inasmuch as this award was made directly to Vera Weber and is made up from funds derived from said award, it would not be subject to garnishment.

For the reasons above set forth, this cause will be reversed and remanded.

*Reversed and remanded.*