LEON MENTZER, d/b/a J R A M B and Associates, Plaintiff-Appellee, v. BRENDA VAN SCYOC, Defendant-Appellant.

Fourth District   No. 4—91—0950

Opinion filed August 24, 1992.

John Roska and Charmagne Schneider, both of Land of Lincoln Legal Assistance Foundation, Inc., of Mattoon, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On August 2, 1990, plaintiff Leon Mentzer, d/b/a J R A M B & Associates, filed a small claims action in the circuit court of Coles County against defendant Brenda Van Scyoc for unpaid rent and damages. After a hearing, the court entered a judgment on January 14, 1991, in favor of plaintiff and against defendant in the sum of $368 and costs. On July 26, 1991, a citation to discover assets was issued against defendant. Defendant was served with the citation but failed to appear on the hearing date of August 20, 1991.

The record is murky as to what happened between August 20, 1991, and September 25, 1991, when plaintiff and defendant appeared *pro se*. At the conclusion of that hearing, the court ordered defendant to pay plaintiff $10 per month. Defendant then filed a petition for reconsideration of the above ruling on September 27, 1991, and on November 13, 1991, that motion was heard and denied. On November 22, 1991, defendant filed a motion requesting the court to make certain findings of fact. On December 3, 1991, the motion for finding of facts was heard and denied. On plaintiff's motion, the court imposed a $30 sanction on defendant's counsel for frivolously filing the motion for finding of facts. Defendant has appealed from the September 25, 1991, November 13, 1991, and December 3, 1991, orders. The appeal does not concern the original judgment for $368 and costs. We reverse the order requiring defendant to pay $10 per month and the imposition of the sanction.

The plaintiff-appellee in this case did not file a brief in support of his position on appeal. In *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, the court indicated a court of review is not required to serve as an advocate for the appellee or to search the record for the purpose of sustaining the judgment of the trial court, although it may do so if justice requires. The *Talandis* court further noted, however, that where "the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal." (*Talandis*, 63 Ill. 2d at 133, 345 N.E.2d at 495.) We conclude this is a case where the merits of the case can be fairly easily decided, and justice requires that it be done. The amount in controversy is small, but the parties deserve a clear declaration of their rights. Moreover, the major issue is one upon which guidance is required.

A stipulated report of proceedings concerning the hearings on September 25, November 13, and December 3, 1991, was filed with the record.

At the September 25, 1991, hearing, the plaintiff questioned the defendant concerning the latter's financial status. Defendant explained she had remarried but was not able to work because of a work-related injury for which she was receiving workers' compensation benefits in the amount of $99.13 per week whereas she had been earning $234 per week when she was working. Defendant also stated that her new husband received $407 per month from a Federal program entitled Supplemental Security Income (SSI). The court then ordered defendant to pay plaintiff in reduction of the judgment the modest sum of $10 per month, which was the amount defendant had agreed to pay after judgment but before she received the work-related injury.

Defendant's petition for reconsideration of the September 25 order was drafted by her counsel and contended that no order of payment could properly have been entered against defendant when her sole source of income was workers' compensation benefits. Defendant relied upon section 21 of the Workers' Compensation Act (Act), which states as follows:

> "No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or *damages* \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 138.21.

No evidence was taken at that hearing. In denying defendant's request to reconsider its order of September 25, 1991, the court indicated (1) no showing had been made that defendant's sole source of income was workers' compensation benefits, and (2) the order of September 25 neither attached nor garnished defendant's workers' compensation benefits. The court did not have the benefit of the stipulated transcript of the September 25 hearing. We deem that transcript to show that workers' compensation benefits were her only source of income. Defendant could not require her new husband to make her $10-per-month payments for a debt she incurred before marriage.

The major aspect of this case centers around the circuit court's apparent interpretation of section 21 of the Act as merely immunizing proceeds of compensation awards from being either subject to a lien or the source for garnishment or attachment. The court apparently concluded the funds received no protection from section 21 of the Act if they were in the hands of the claimant. In support of her argument

on her motion for reconsideration, plaintiff cited *East Moline Works Credit Union v. Linn* (1964), 51 Ill. App. 2d 97, 200 N.E.2d 910. There, the appellate court affirmed a circuit court order quashing a garnishment writ sought by a judgment creditor of a workers' compensation claimant against a bank holding an account consisting entirely of the proceeds of the claimant's award. A similar decision had been made in *Weber v. Ridgway* (1918), 212 Ill. App. 159, 163.

Even more favorable to defendant is the recent decision in *In re Estate of Callahan* (1991), 144 Ill. 2d 32, 578 N.E.2d 985. There, an individual had been severely injured requiring the appointment of a guardian of his estate. Upon appointment, the guardian hired counsel on a contingent-fee basis, to bring an action in tort for those injuries. The guardian later fired that counsel. That counsel then brought suit against the guardianship for a fee. The sole asset of the guardianship was the proceeds of a workers' compensation award. The principal issue was whether the discharged attorneys were entitled to fees before or after the case concluded. The circuit court fixed those fees in the sum of $36,000 and allowed the attorneys' request to have those fees paid from the proceeds of the workers' compensation claim which the guardian had been receiving and would receive in the future.

The *Callahan* court reasoned as follows:

> "The pertinent part of section 21 provides that workers' compensation benefits paid under the Act shall not be liable for any 'debt.' The word 'debt' is not defined in the Act. A debt is a certain sum of money owing from one person to another. (Black's Law Dictionary 363 (5th ed. 1979).) By virtue of the trial court judgment in the instant case, the guardianship estate owes the claimant $36,000 for legal services it has received. Therefore, we consider this sum of money to be a debt within the meaning of the Act and the claimant should not be permitted to recover his judgment against the workers' compensation benefits paid to the estate." *Callahan*, 144 Ill. 2d at 43, 578 N.E.2d at 989.

Thus, in *Callahan*, the person seeking access to the compensation award was not claiming a lien or seeking to garnish or attach the proceeds of the award. Rather, the person seeking reimbursement was merely requesting that the judgment debtor be required to satisfy the judgment by payment of proceeds obtained from a workers' compensation award. The fact that the funds were in the hands of a guardian rather than the debtor himself would not seem to make a difference. There, the only funds the guardian had to pay the "damages" award were proceeds from such an award. Under the evidence here, the only

funds defendant had with which to pay the damages through the modest $10-per-month payment ordered were also workers' compensation award funds.

*Callahan* and the instant case differ from *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 284-85, 469 N.E.2d 167, 174-75. There, the supreme court held that section 706.1(A)(4) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1983, ch. 40, par. 706.1(A)(4)) prevailed over section 12—1001 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 12—1001) and permitted courts to order withholding of various types of income due to a former spouse defaulting on maintenance obligations even though this same type of income would otherwise be immune from such restriction under the exemption rights set forth in section 12—1001. Public policy does not give the same importance to plaintiff's right to collect a judgment for rent or for attorney fees that it gives to a spouse to obtain court-ordered maintenance. Section 706.1(A)(4) of the Marriage Act expressly states that other laws exempting income from supplementary proceedings do not apply.

■ Section 12—1001 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 12—1001), concerning exemptions of personal property, provides an elaborate scheme for the exercise of such exemptions and the limitations thereon. No direct reference is made to workers' compensation benefits, but section 12—1001(g)(3) does refer to a debtor's right to receive "disability *** benefit[s]." Moreover, section 12—1001 of the Code only purports to give exemption from "judgment, attachment, or distress for rent." Section 21 of the Act is more specific in its coverage of workers' compensation benefits and creates a greater protection for recipients. We conclude that section 12—1001 does not supersede or infringe upon the protection given by section 21 of the Workers' Compensation Act.

■ We conclude that under *Callahan*, a court cannot generally require workers' compensation benefits to be applied to the debts of a claimant, even when reduced to judgment, unless some specific statutory provision such as section 706(A)(4) of the Marriage Act so provides. Where, as here, the only funds available for payment of a judgment are workers' compensation benefits, an order requiring payment even in a very modest amount is improper.

Finally, we consider the court's order of December 3, 1991, imposing a sanction upon defense counsel. At that time, the court heard the defendant's motion requesting the court make findings of fact as to its ruling in regard to imposition of the $10 monthly payment. Supreme Court Rule 286 provides that, in small claims cases, "[a]t the

conclusion of the hearing the court shall render judgment and explain the reasons therefore to all parties" (134 Ill. 2d R. 286). The circuit court explained to defendant and counsel that the court had set out its reasons for its rulings and its findings at the hearing on November 13, 1991. The stipulated report of proceedings substantiates the court's statement in this respect. The explanation was certainly satisfactory for a small claims proceeding. However, before imposing a sanction, the court is required to determine that the pleading in question is not well grounded in fact, not a good-faith argument for change or modification of the law, or a document filed for an improper purpose. 134 Ill. 2d R. 137.

■ Before imposing a sanction, the court is also required to "set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." (134 Ill. 2d R. 137.) Here, the court recited it found "no basis in the law for the motion." We can well appreciate the frustration suffered by a court in handling a case of this nature, but we do not find the lack of basis in law for a motion, of itself, satisfies the requirements for even the small sanction imposed here.

Accordingly, we reverse the orders from which appeal was taken.

Reversed.

STEIGMANN and COOK, JJ., concur.