**In re Michael McCLURE, Debtor.**

**Bankruptcy No. 94 B 10306.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Sept. 2, 1994.

David Grochocinski, Trustee, Palos Heights, IL.

Jeffrey Kohan, Zalutsky & Pinski, Chicago, IL, for debtor.

### MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Bankruptcy Judge.

This Chapter 7 case is before the court on the trustee's objection to an exemption claimed by the debtor in a workers' compensation action. Because awards arising from such actions are exempt under Illinois law, the objection is overruled and the exemption allowed.

#### Jurisdiction

This matter is within the jurisdiction of the district court pursuant to 28 U.S.C. § 1334(b), and may be referred to a bankruptcy judge pursuant to 28 U.S.C. § 157(a). The matter has been so referred pursuant to General Rule 2.33 of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and hence a bankruptcy judge may enter an appropriate order pursuant to 28 U.S.C. § 157(b)(1).

## Facts

There is no dispute about the relevant facts. The debtor in this case, Michael McClure, filed a voluntary Chapter 7 petition on May 23, 1994. The schedules attached to the petition (1) listed as one of the debtor's assets a workers' compensation action against American Airlines, of unknown value, and (2) asserted that this action was exempt under the general Illinois exemption law, now codified at 735 ILCS 5/12–1001. On July 28, 1993, within the time specified by Fed.R.Bankr.P. 4003, the trustee objected to the asserted exemption, on the ground that the relevant provision of the exemption law was the exemption for awards on account of personal injury, an exemption limited to $7500. In apparent response to this objection, the debtor amended his schedules to claim that the workers' compensation action was exempt under a special provision of Illinois law, 820 ILCS 305/21, which contains no dollar limitation. The trustee continued to object to the claimed exemption, and the debtor and the trustee have submitted briefs in support of their positions.

## Discussion

The background of the dispute now before the court has been set forth in a number of decisions dealing with objections to discharge, including, most pertinently, *In re Yonikus*, 996 F.2d 866 (7th Cir.1993). This background can be summarized briefly:

Under Section 541(a) of the Bankruptcy Code (11 U.S.C.), the commencement of a bankruptcy case creates an estate that can be liquidated to satisfy the claims of creditors. The estate is defined broadly, to include (with exceptions not relevant here) all property interests of the debtor, including contingent claims. *Yonikus*, 996 F.2d at 869. However, under Section 522(b) of the Code, the debtor may exempt certain property of the estate, and thus remove it from the pool of assets available to satisfy creditor claims. *Yonikus*, 996 F.2d at 870. Section 522(b)

generally allows debtors a choice between two sets of legal standards defining the property subject to exemption. Debtors may choose either the exemptions specified in Section 522(d) of the Bankruptcy Code (the "federal" exemptions) or the exemptions specified by applicable non-bankruptcy law (the "state" exemptions). *Id.* However, Section 522(b)(1) empowers states to preclude debtors from choosing the federal exemptions, and Illinois has exercised this power. *Id.*, 735 ILCS 5/12–1201. Thus, the debtor in this case may exempt from his estate only property that would be exempt under Illinois law (or federal law other than Section 522(d)).

Illinois has enacted, and included within its Code of Civil Procedure, a general exemption law for personal property that largely parallels the federal exemptions set forth in Section 522(d) of the Bankruptcy Code. 735 ILCS 5/12–1001. As with Section 522(d), none of the provisions of Illinois' general exemption law specifically refer to workers' compensation actions. However, there are two provisions that might arguably apply to such actions. Subsection (h)(4) allows an exemption in the debtor's "right to receive, or property that is traceable to a payment, not to exceed $7500 in value, on account of personal bodily injury of the debtor." This is the provision that the trustee relies upon in seeking to limit the debtor's exemption in a workers' compensation award to $7500. However, another provision of the general exemption law, subsection (g)(3), allows an unlimited exemption in the debtor's "right to receive a disability, illness, or unemployment benefit." Had the debtor chosen to base his claimed exemption on subsection (g)(3), this court would have had the task of determining whether a workers' compensation claim is more reasonably categorized as "a right to receive payment on account of personal bodily injury" or as "a right to receive a disability or other unemployment benefit." [1]

---

1. Although this question appears not to have been addressed in the context of Illinois exemption law, the same issue has been addressed under the federal exemptions of Section 522(d). Like subsection (h)(4) of the Illinois general exemption law, Section 522(d)(11)(D) of the Bankruptcy Code exempts a debtor's right to receive payment "not to exceed $7,500" on account of personal bodily injury. And like subsection (g)(3) of the Illinois law, Section 522(d)(10)(C) exempts, without limitation, the debtor's right to receive "a disability, illness, or unemployment benefit." As the Court of Appeals pointed out in *Yonikus*, "[m]ost bankruptcy courts considering

■ The debtor, however, does not rely on any provision of the general Illinois exemption law. Rather, the debtor's exemption claim is based on Section 21 of the Illinois Workers' Compensation Act. 820 ILCS 305/21. Section 21 provides in pertinent part as follows:

> No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages.... The compensation allowed by any award or decision of the Commission shall be entitled to a preference over the unsecured debts of the employer, wages excepted, contracted after the date of the injury to an employee.

The trustee resists the conclusion that this section allows workers' compensation actions to be claimed as exempt in bankruptcy. The trustee's argument appears to be the following: both the general Illinois exemptions and the provision of Illinois law prohibiting use of federal exemptions in bankruptcy are included in the Illinois Code of Civil Procedure (indeed, they were enacted together as P.A. 82–280), and therefore any state law that is not in the Code of Civil Procedure must specifically state that it is available as an exemption in bankruptcy in order to be so available.

■ It is difficult to see why the placement of provisions of state law within a particular codification should have the substantive impact for which the trustee argues. Nothing in the Code of Civil Procedure states that only exemption provisions contained within that Code are available in bankruptcy cases, and so there is no reason why Section 21 of the Workers' Compensation Act should be required to state explicitly that it is available as an exemption in bankruptcy. But more fundamentally, the trustee's argument misunderstands the relationship between the Bankruptcy Code and state law. As outlined above, the Code allows states to prohibit the use of the *federal* exemptions otherwise available under Section 522(d), but the Code does not allow states to prohibit the use in bankruptcy of exemptions otherwise available under *state* law. To the contrary, Section 522(b)(2) provides debtors the option of exempting "any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition." Thus, if an exemption is available under state law, it must be available in bankruptcy, and the only question is whether Section 21 of the Workers' Compensation Law provides for an exemption of workers' compensation claims.

■ Plainly it does. Although Section 21 does not employ the words "exemption" or "exempt," it does state that workers' compensation claims shall not be "subject to" any lien, attachment or garnishment, or be "held liable in any way" for any lien, debt, penalty or damages. That this language is effective to exempt workers' compensation claims from judgments of creditors was the emphatic conclusion of the Illinois Appellate Court in *Mentzer v. Van Scyoc,* 233 Ill.App.3d 438, 174 Ill.Dec. 512, 599 N.E.2d 58 (1992). In *Mentzer,* the landlord of an injured worker obtained a judgment against the worker for unpaid rent, and then sought to enforce the judgment against the only funds that the worker had available—a workers' compensation award arising from her injury. After surveying Illinois case law construing Section 21 of the Workers' Compensation Act, and finding that it uniformly treated the section as an exemption provision, the Appellate Court held that the landlord could not enforce his judgment against these funds. 233 Ill.App.3d at 441–42, 174 Ill.Dec. at 514–15, 599 N.E.2d at 60–61. The Appellate Court referred specifically to the general exemption provisions of the Code of Civil Procedure, and stated that "Section 21 of the Act is more specific in its coverage of workers' compensation benefits and creates a greater protection for recipients." 233 Ill.App.3d at 442, 174 Ill.Dec. at 515, 599 N.E.2d at 61. Thus the court found that the general exemption law "does not supersede or infringe upon the

the issue ... have determined that [workers' compensation awards] appropriately belong under § 522(d)(10)(C)." 996 F.2d 866, citing *In re Cain,* 91 B.R. 182, 184 (Bankr.N.D.Ga.1988); *In re Evans,* 29 B.R. 336, 339 (Bankr.S.N.J.1983);

*In re LaBelle,* 18 B.R. 169, 171 (Bankr.D.Me. 1982). Thus, if the debtor had relied on subsection (g)(3) of the Illinois law to support his exemption claim, there would have been substantial support for his position.

protection given by section 21 of the Workers' Compensation Act." [2]

There appears to be no authority to the contrary. In *In re Yonikus*, 996 F.2d 866 (7th Cir.1993), the Court of Appeals dealt with a debtor who had fraudulently failed to list a pending workers' compensation claim as an asset on his bankruptcy schedules. After being denied a discharge for this conduct, the debtor nevertheless attempted to assert an exemption in the award, arguing that his nondisclosure was not fraudulent because he thought that the workers' compensation claim was totally exempt. The Court rejected this contention, and in so doing, observed that "[n]o Illinois court has directly addressed the issue of workers' compensation benefits as exempt property," and hence that "the law concerning the exemption of workers' compensation is far from settled." 996 F.2d at 871. These observations, however, were not necessary to the court's ultimate conclusion, that "nothing in the Illinois statutes or caselaw allows a debtor to omit a workers' compensation claim from his schedules of assets and of exempt property because it is 'clearly exempt.'" *Id.* Finally, the Court did recognize that "there is support for the position that workers' compensation benefits might be treated as exempt." *Id.*

Because Section 21 of the Workers' Compensation Act is an applicable statute of exemption, it was available to be claimed by the debtor in the present case, and the trustee's objection to the claimed exemption must be overruled.

### Conclusion

For the reasons stated above, the trustee's objection to the exemption claimed by the debtor in the full amount of his workers' compensation claim is overruled, and the exemption is allowed. A separate order will be issued in conformity with this opinion.

---

**2.** In this respect, Illinois is apparently in company with most state law. One survey observes that "[a]ll workmen's compensation statutes found protect in one degree or another a workmen's compensation award made for a work-connected personal injury from seizure by the workman's creditors." C.B. Higgins, Annotation, *Construction and Effect of Statutory Exemptions of Proceeds of Workmen's Compensation Awards*, 31 A.L.R.3d 532, 534 (1970).