NOTICE

Decision filed 10/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240957

NO. 5-24-0957

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MIDWEST NEUROSURGEONS, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 23-LA-15 |
| | ) | |
| F.W. ELECTRIC, INC., | ) | Honorable |
| | ) | Thomas J. Foster, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court, with opinion.
Presiding Justice McHaney and Justice Vaughan concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Midwest Neurosurgeons, LLC (Midwest), filed a breach of contract action against defendant, F.W. Electric, Inc. (F.W. Electric), seeking to recover the costs of medical services and treatment Midwest provided to F.W. Electric's employee, Michael Sullivan. Midwest alleged that it was an intended third-party beneficiary to a settlement contract entered into by Sullivan and F.W. Electric, wherein Sullivan and F.W. Electric agreed to settle Sullivan's claim filed pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2016)). F.W. Electric filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)), arguing that, pursuant to the appellate court's decision in *Midwest Neurosurgeons, LLC v. Abell*, 2022 IL App (5th) 210394-U, the Act prohibited medical providers from maintaining private causes of action against employers for medical services provided to

1

employees who filed claims pursuant to the Act. F.W. Electric also requested sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). The Franklin County circuit court granted F.W. Electric's motion and dismissed Midwest's breach of contract action but denied F.W. Electric's request for sanctions. Midwest appeals, arguing that the court erred by dismissing the action. F.W. Electric cross-appeals, arguing that the court erred by denying its request for sanctions. For the following reasons, we affirm.

¶ 2                                     I. BACKGROUND

¶ 3     On October 13, 2010, Sullivan sustained an injury while working for F.W. Electric. Sullivan filed a claim against F.W. Electric pursuant to the Act, seeking benefits for his injury. While his claim remained pending, Sullivan received medical care and treatment for his injury at Midwest on various dates in 2010 and 2011.

¶ 4     On July 6, 2016, F.W. Electric and Sullivan entered into a settlement contract, wherein they agreed to settle Sullivan's claim arising under the Act. In the settlement contract, F.W. Electric agreed to "pay the reasonable, necessary and causally-related medical expenses which arose from the alleged accident of 10/13/10 and were incurred between 10/13/10 and the date of approval of the settlement." The settlement contract further provided that "[i]f there remain unpaid causally-related medical expenses incurred as a result of the alleged accident of 10/13/10, those charges will be paid pursuant to the Illinois Medical Fee Schedule ***." An arbitrator, by authority of the Illinois Workers' Compensation Commission (Commission), approved the settlement contract on July 7, 2016. Neither F.W. Electric nor Sullivan filed a petition for review of the approval of the settlement contract.

¶ 5     On March 27, 2023, Midwest filed a breach of contract action against F.W. Electric, seeking to recover the costs of the medical services and treatment it provided to Sullivan in 2010

2

and 2011. Midwest alleged that it was an intended third-party beneficiary of the settlement contract, wherein F.W. Electric agreed to pay the reasonable, necessary, and causally related medical expenses arising from Sullivan's October 13, 2010, work accident. Midwest alleged that "F.W. Electric's agreement to pay the amounts due and owing to [Midwest] was to benefit [Midwest] so [Midwest] is a third-party beneficiary to the Settlement Contract." Midwest further alleged that "F.W. Electric breached the Settlement Contract by not paying the amounts owed for the medical care and treatment provided by [Midwest] to Sullivan." Specifically, Midwest sought to recover $87,204.33 in medical expenses and treatment.

¶ 6    On February 9, 2024, following various filings by F.W. Electric, F.W. Electric filed a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2022)) and a request for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). In support of the section 2-619 motion, F.W. Electric alleged that the Act did not allow a medical provider to maintain a private cause of action against an employer for medical services provided to an employee who claimed an injury under the Act. F.W. Electric also alleged that Midwest was not a third-party beneficiary to the settlement contract. F.W. Electric additionally alleged that a recent appellate court decision (*Abell*, 2022 IL App (5th) 210394-U) affirmed the dismissal of Midwest's breach of contract action against another employer to recover medical expenses incurred by the employer's employee. F.W. Electric alleged that *Abell* held that Midwest was not a third-party beneficiary to a workers' compensation settlement contract between an employer and employee. F.W. Electric argued that *Abell* applied and precluded Midwest from filing a breach of contract action against F.W. Electric. In support of the request for sanctions, F.W. Electric asserted that Midwest filed "same exact claim" as the one asserted in *Abell*.

¶ 7    On June 28, 2024, Midwest filed a response to F.W. Electric's motion to dismiss and

3

request for sanctions. Midwest asserted that it adequately pled its status as an intended third-party beneficiary to the settlement contract and that its breach of contract action was a viable claim under Illinois law. For the same reasons, Midwest asserted that sanctions were inappropriate.

¶ 8    On August 6, 2024, the circuit court granted F.W. Electric's section 2-619 motion to dismiss. In doing so, the court found that *Abell* applied and prohibited Midwest from asserting a breach of contract claim against F.W. Electric based on Midwest's third-party status to the settlement contract. The court denied F.W. Electric's request for sanctions and attorney fees.

¶ 9    On September 3, 2024, Midwest filed a notice of appeal from the circuit court's dismissal of the breach of contract action. On the same date, F.W. Electric filed a notice of appeal from the circuit court's denial of F.W. Electric's request for sanctions.

¶ 10                                II. ANALYSIS

¶ 11                            A. Midwest's Appeal

¶ 12    Midwest argues that the circuit court erred by dismissing its breach of contract action against F.W. Electric, where it was an intended third-party beneficiary to the settlement contract between F.W. Electric and Sullivan. We disagree.

¶ 13    "A section 2-619 motion to dismiss admits the legal sufficiency of the plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or that are established by external submissions acting to defeat the complaint's allegations." *Tielke v. Auto Owners Insurance Co.*, 2019 IL App (1st) 181756, ¶ 22 (citing *Burton v. Airborne Express, Inc.*, 367 Ill. App. 3d 1026, 1029 (2006)). The standard of review of a motion to dismiss under section 2-619 is *de novo*. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 583 (2000).

¶ 14    "To establish a breach of contract, a plaintiff must show the existence of a valid and enforceable contract, performance of the contract by the plaintiff, breach of the contract by the

4

defendant, and resulting injury to the plaintiff." *Barry v. St. Mary's Hospital Decatur*, 2016 IL App (4th) 150961, ¶ 78 (citing *Sherman v. Ryan*, 392 Ill. App. 3d 712, 732 (2009)). An individual not a party to a contract may only enforce the contract's rights when the contract's original parties intentionally entered into the contract for the direct benefit of the individual. *Swavely v. Freeway Ford Truck Sales, Inc.*, 298 Ill. App. 3d 969, 973 (1998). There is a strong presumption that the parties to a contract intend that the contract's provisions apply only to them and not to third parties. *Barney v. Unity Paving, Inc.*, 266 Ill. App. 3d 13, 19 (1994). That the contracting parties know, expect, or even intend that others will benefit from their agreement is not enough to overcome the presumption that the contract was intended for the direct benefit of the parties. *Id.*

¶ 15    Whether someone is a third-party beneficiary depends on the intent of the contracting parties, as evidenced by the contract language. *F.H. Paschen/S.N. Nielsen, Inc. v. Burnham Station, L.L.C.*, 372 Ill. App. 3d 89, 96 (2007). It must appear from the language of the contract that the contract was made for the direct, not merely incidental, benefit of the third person. *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192, 200 (1999). Such an intention must be shown by an express provision in the contract identifying the third-party beneficiary by name or by description of a class to which the third party belongs. *Holmes v. Federal Insurance Co.*, 353 Ill. App. 3d 1062, 1066 (2004). Courts have held that "medical providers are incidental rather than direct beneficiaries of workers' compensation [insurance] policies." *Marque Medicos Farnsworth, LLC v. Liberty Mutual Insurance Co.*, 2018 IL App (1st) 163351, ¶ 12 (citing *Marque Medicos Fullerton, LLC v. Zurich American Insurance Co.*, 2017 IL App (1st) 160756, ¶ 53).

¶ 16    As F.W. Electric notes, this court's decision in *Abell*, 2022 IL App (5th) 210394-U, is instructive in the instant appeal. In *Abell*, Midwest—the same plaintiff as plaintiff in the instant appeal—filed a breach of contract claim against an employer seeking to recover the costs of

5

medical services and treatment that it provided to the employer's employee during a specified time period. *Id.* ¶ 6. Midwest alleged that it was an intended third-party beneficiary to a settlement contract between the employer and employee, wherein the employer agreed to " 'pay, directly to the providers, the causally-related medical expenses incurred up to 9/26/12.' " *Id.* The settlement contract also included a separate provision stating that the employer agreed " 'to pay, directly to the provider, the unpaid medical expense incurred prior to the date of settlement at Neurology of Southern Illinois, Ltd. (Dr. Lori M. Guyton).' " *Id.* The circuit court ultimately dismissed Midwest's breach of contract claim. *Id.* ¶ 10. On appeal, this court affirmed the circuit court's dismissal of the breach of contract claim. *Id.* ¶ 25. In doing so, this court rejected Midwest's assertion that it was a third-party beneficiary to the settlement agreement between the employee and employer, concluding that the settlement contract did not specifically name Midwest and that the "directly to the providers" language in the settlement contract was not a description of a specific class to which Midwest belonged. *Id.* ¶¶ 16-18.

¶ 17 Here, as in *Abell*, the settlement contract does not reference Midwest by name. Unlike *Abell*, here, no medical providers were specifically named in the settlement contract. As such, Midwest was not specifically identified in the contract by name as an intended beneficiary.

¶ 18 Unlike *Abell*, the settlement contract at issue here did not include a provision where the employer agreed to "pay, directly to the providers" all causally related medical expenses. Instead, F.W. Electric agreed to "pay the reasonable, necessary and causally-related medical expenses which arose from the alleged accident of 10/13/10 and were incurred between 10/13/10 and the date of approval of the settlement." Accordingly, the settlement contract at issue in the present case did not reference "the providers" in the provision regarding the payment of medical expenses. Thus, unlike *Abell*, the settlement contract in this case did not even include a description of a class

6

to which Midwest could potentially belong. Accordingly, it does not appear from the language of the settlement contract that the contract was made for the direct, not merely incidental, benefit of Midwest.

¶ 19     Midwest asserts that it alleged in the complaint "that it was an intended third-party beneficiary to the Settlement Contract because it fell within the class of individuals that F.W. Electric intended to benefit—medical providers who incurred 'reasonable, necessary, and causally -related medical expenses which arose from the alleged accident of 10/13/10 and were incurred between 10/13/10 and the date of approval of the settlement.' " Midwest's assertion misses the mark. We reiterate that F.W. Electric and Sullivan entered into the settlement contract at issue to settle Sullivan's claim arising under the Act. See *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 180-81 (1978) (the fundamental purpose of the Act is "to afford protection to employees by providing them with prompt and equitable compensation for their injuries"). The purpose of the Act is to ensure that injured employees, not medical providers, receive prompt payment of benefits owed to them for work-related injuries. See *Marque Medicos Farnsworth, LLC*, 2018 IL App (1st) 163351, ¶ 14 (citing *Marque Medicos Fullerton, LLC*, 2017 IL App (1st) 160756, ¶ 52). In other words, F.W. Electric intended to benefit Sullivan, not Midwest, when it entered into the settlement contract. Had F.W. Electric and Sullivan intended to benefit Midwest, they could have included a specific reference to Midwest in the settlement contract provision regarding the payment of medical expenses. As noted, the settlement contract at issue did not even identify a description of a class to which Midwest could potentially belong. Thus, based on the facts of this case, we conclude that Midwest was not an intended third-party beneficiary to the settlement contract between F.W. Electric and Sullivan.

¶ 20     This interpretation of the settlement contract is also consistent with other provisions of the

7

Act pertaining to the nonpayment of medical expenses. Notably, section 8.2(e-20) of the Act provides as follows:

"Upon a final award or judgment by an Arbitrator or the Commission, or a settlement agreed to by the employer and the employee, a provider may resume any and all efforts to collect payment *from the employee* for the services rendered to the employee and the employee shall be responsible for payment of any outstanding bills for a procedure, treatment, or service rendered by a provider as well as the interest awarded under subsection (d) of this Section." (Emphasis added.) 820 ILCS 305/8.2(e-20) (West 2016).

¶ 21    Our supreme court considered section 8.2(e-20) under slightly different circumstances in *In re Hernandez*, 2020 IL 124661, ¶ 23. In doing so, our supreme court noted that section 8.2(e-20) permits "health care providers to seek payment directly from an injured employee for outstanding bills plus interest *** after a settlement agreement is reached between the employer and the employee." *Id.* Our supreme court noted, however, that "nothing in section 8.2(e-20) permits health care providers to look to the workers' compensation award, judgment, or settlement itself as a source of payment." *Id.*

¶ 22    Accordingly, section 8.2(e-20) allows Midwest to resume efforts to collect payment from Sullivan for unpaid medical expenses following the settlement contract, which is considered a final decision or award of the Commission. Sullivan could, in turn, file an action to enforce the settlement contract pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 2016)). See *Millennium Knickerbocker Hotel v. Illinois Workers' Compensation Comm'n*, 2017 IL App (1st) 161027WC, ¶ 21 (noting that "the only method to enforce a final award of the Commission is in the circuit court pursuant to section 19(g) of the Act"); see also *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 265 (1978) (holding that "Commission approval of a settlement agreement constitutes

8

a decision of the Commission and is, in legal effect, the equivalent of an award within the meaning of section 19(g)"). As our colleagues in the First District recognized, the methods of enforcing an employer's obligation to pay outstanding medical bills are "somewhat circuitous"; however, the commonality to the available courses of action "is that they must be undertaken by the employee for whose benefit these provisions were enacted." *Marque Medicos Farnsworth, LLC*, 2018 IL App (1st) 163351, ¶¶ 28-32. Our colleagues in the First District suggested that an employee's counsel insist that any settlement agreement contain specified dollar amounts for outstanding medical bills to provide a "less circuitous means of avoiding this problem in the future." *Id.* ¶ 32. In sum, the Act permits a medical provider to collect unpaid medical expenses from an employee, not an employer, and sets forth various methods by which an employee may enforce an employer's obligation to pay such medical expenses.

¶ 23      In light of the foregoing, we hold that Midwest was not an intended third-party beneficiary to the settlement contract between F.W. Electric and Sullivan. Because Midwest could not allege that it was an intended third-party beneficiary to the settlement contract, the circuit court properly dismissed Midwest's complaint against F.W. Electric.

¶ 24                          B. F.W. Electric's Cross-Appeal

¶ 25      F.W. Electric argues that the circuit court erred by denying its request for sanctions against Midwest, where Midwest's breach of contract action was not well grounded in law. We disagree.

¶ 26      Under Rule 137, a circuit court may impose sanctions against a party who files any pleading that is not well grounded in fact or law or is filed for an improper purpose. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018); *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 43. The purpose of Rule 137 is to prevent parties from filing frivolous lawsuits. See *Garlick*, 2018 IL App (2d) 171013, ¶ 43. Whether to impose sanctions is a matter within the circuit court's discretion, and

9

this court will not reverse that decision absent an abuse of discretion, which occurs only where no reasonable person could take the view adopted by the circuit court. *Id.* ¶ 25.

¶ 27 We note that, here, F.W. Electric did not provide a report of proceedings, or an appropriate substitute, setting forth the circuit court's reasoning for denying its request for sanctions. Moreover, the court did not enter a written order setting forth its reasons for denying sanctions. It is well settled that F.W. Electric, as cross-appellant, had

> "the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

"Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392.

¶ 28 Given the lack of record in the present case, this court cannot determine the circuit court's reasoning for denying F.W. Electric's request for sanctions. The record merely includes a docket entry from August 6, 2024, in which the court states, "D'S REQUEST FOR ATTYS FEES AND COSTS PER SCR 137 IS DENIED." Without a complete record setting forth the court's reasons for the denial, especially when this court is tasked with applying the abuse-of-discretion standard, we must presume the court acted properly. See *id.* (without a transcript of the hearing on the motion, "there is no basis for holding that the trial court abused discretion in denying the motion"). Consequently, we hold that the court did not abuse its discretion by declining to impose Rule 137 sanctions against Midwest.

¶ 29                                    III. CONCLUSION

¶ 30 For the foregoing reasons, we affirm the judgment of the Franklin County circuit court.

¶ 31    Affirmed.

*Midwest Neurosurgeons, LLC v. F.W. Electric, Inc.*, 2025 IL App (5th) 240957

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Franklin County, No. 23-LA-15; the Hon. Thomas J. Foster, Judge, presiding. |
| **Attorneys for Appellant:** | Shaun C. Broeker and Adrian S. Mehdirad, of Thompson Coburn LLP, of St. Louis, Missouri, for appellant. |
| **Attorneys for Appellee:** | A. Courtney Cox, of Sandberg Phoenix & von Gontard, of Edwardsville, and Stephen G. Strauss, of Bryan Cave Leighton Paisner, of St. Louis, Missouri, for appellee. |